1

2

3                            **UNITED STATES DISTRICT COURT**

4                               **DISTRICT OF NEVADA**

5                                      * * *

6   VINCENT HENRY, *et al*,                    )
                                               )
7                        Plaintiffs,           )
                                               )       2:09-cv-02105-PMP-LRL
8   v.                                         )
                                               )       **O R D E R**
9   LENNAR CORPORATION, *et al.*,              )
                                               )
10                       Defendants.           )
                                               )
11  _____   )

12          Before the court is plaintiffs Stacy Henry and Vincent Henry's Motion to Compel production

13  of documents. (#72). Defendants Lennar Corporation, et al, filed an Opposition (#94), and plaintiffs

14  filed a Reply (#96).

15          Plaintiffs' complaint (#1) stems from the alleged construction defects found in homes developed

16  and sold by defendants. Plaintiffs assert that they purchased their respective homes in the community

17  of Carmel Canyon from defendants in late 2004 and early 2005, on defendants' representation that the

18  homes contained "zero defects" and were ComfortWise certified. (#1).  Plaintiffs allege, however, that

19  this was a *mis*representation, and that defendants knew or should have known of defects in the

20  insulation and heating and air conditioning systems (HVAC) installed in the model "3677" homes they

21  purchased.  *Id.*  Further, plaintiffs assert that defendants concealed information regarding previous

22  defects in the HVAC systems in "3677" homes located in the defendants' other communities of Sterling

23  Glen, Marble Canyon, and Granite Ridge, and continued to sell properties with the defective systems

24  despite this knowledge. *Id.*  Specifically, plaintiffs argue that before they purchased their homes,

25  defendants became aware of defects in the HVAC systems through homeowner complaints, investigated

26  the complaints, and even took some measures to cure the defects.

Plaintiffs contend that they purchased their homes in reliance on the defendants' defect free promise, yet began having issues with the HVAC systems shortly thereafter. After receiving complaints about the systems in "3677" homes, the defendants sent letters to the homeowners on August 30, 2006, informing them of the defects and the need for full access to the homes in order to "upgrade" the systems. (#72-1 Exhibit 6).  Neither party disputes the fact that the defendants provided plaintiffs with hotel accommodations, per diem, and, upon approval, compensation for pet boarding during the upgrade to the HVAC systems. (#72-1 Exhibit 6).  Further, plaintiffs admitted in their depositions that the HVAC systems in their homes are currently in working condition, and that they have not experienced any further problems with the systems. (#95-1 Exhibit 1 and #95-2 Exhibit 2).

In the complaint (#1), plaintiffs assert claims for (1) declaratory relief for violations of N.R.S. 40.600 *et seq.*, (2) breach of warranty of habitability, (3) negligence, (4) negligent misrepresentation, (5) breach of contract, (6) violations of N.R.S. 598 - Deceptive Trade Practices, (7) breach of implied warranty, (8) breach of implied warranty of fitness, merchantability, and quality, and (9) intentional infliction of emotional distress. Plaintiffs are seeking general and special damages, cost of repair and/or replacement of defects, recision of the purchase agreement, all recoverable damages including emotional distress, attorney fees and costs, reimbursement of consultant fees advanced to defendants, and further relief as is necessary to satisfy and punish defendants' violations of N.R.S. 40.600, including equitable and monetary relief and/or the return of the subject property to the defendants for the full purchase price paid. (#1). Upon motion by the defendants (#7), the court dismissed the claim for intentional infliction of emotional distress and struck the plaintiffs' prayer for punitive damages. (#14).

**Motion To Compel**

On October 21, 2010, plaintiffs served the defendants with requests for production of documents.  Plaintiffs requested all documents relating to any of the communities that in any way relate to the ComfortWise certificates, customer service complaints regarding the HVAC systems, promotional materials, testing for ComfortWise compliance, investigations conducted by CTG, Forensics, indemnification by the defendants, work orders issued to inspect the HVAC systems, contracts to repair

the units, or compensation and bonus plans for customer service representatives. (#72).

On November 26, 2010, defendants served responses to the requests, agreeing to produce "non-privileged" documents relating to the plaintiffs' respective homes, and refusing and objecting to the production of documents relating to homes not owned by the plaintiffs.  Specifically, defendants asserted that the requests for documents relating to properties in other communities owned by someone other than the plaintiffs were grossly over broad, irrelevant, and "not reasonably calculated to lead to the discovery of admissible evidence." (#72-1 Exhibit 2).  On December 15, 2010, plaintiffs sent defendants a letter (#72-1 Exhibit 3) expressing their willingness to limit certain requests.

After receiving this letter, the parties discussed the present discovery dispute.  Defendants agreed to produce certain documents pertaining to the homes purchased by plaintiffs, but still refused to produce documents pertaining to other Lennar communities and/or certain documents relating to otyher residences within Carmel Canyon.  As of the date plaintiffs filed their motion (#72), defendants had not produced any documents.

Plaintiffs contend that the documents requested are highly relevant, because their claims for relief for negligent misrepresentation and deceptive trade practices are premised upon the allegation that the defendants knew of the defects in the previously built communities, failed to disclose this information to the purchasers, and continued to build and sell the "3677" homes with the same HVAC systems.  Thus, they contend, the previous complaints of the homeowners, investigations conducted by the defendants, reports prepared relating to the defects, and claims of indemnification are necessary to support their claims.

Defendants contend that plaintiffs' requests are over broad, that the documents requested are irrelevant, and that the production of those documents would be unduly burdensome.  Specifically, defendants contend that inasmuch as the plaintiffs' HVAC systems have now been repaired, and the plaintiffs have been compensated for their temporary displacement while the repair work was being done, plaintiffs cannot claim they suffered any damages.  Thus, according to defendants, any document relating to the HVAC systems is irrelevant.  Further, they assert that certain requests go beyond the

time-frame when plaintiffs purchased their homes, include communities that are not pertinent to this litigation, and encompass documents that have no relevancy at all to the plaintiffs' claims.

Upon reviewing the requests, defendants' objections thereto, and the proposed modified requests, the court finds that the requests must be limited so as to lighten the burden on defendants, and to include only documents "relevant to [plaintiffs'] claim[s]" and "reasonably calculated to lead to the discovery of admissible evidence." Federal Rules of Civil Procedure 26(b)(1) and (b)(2)(C)(iii). Preliminarily, with regard to any request pertaining to homes in any community built by defendants, the court finds that the requests should be limited to "3677" model homes, which is the model that plaintiffs purchased.

**Request No. 1**

Plaintiffs request that defendants produce "[a]ny and all DOCUMENTS that in any way relate to the ComfortWise certificate that was issued for both [p]laintiffs' residences at Carmel Canyon." Plaintiffs allege in their complaint (#1) that in connection with the sale of the properties, defendants emphasized the inclusion of an energy efficient heating and cooling system known as "ComfortWise." The court finds that plaintiffs' request for proof of such certification is relevant to the allegation that defendants knew or should have known that the homes were defective and/or in fact not "ComfortWise" certified prior to selling them to plaintiffs.  Further, the request is not overly broad, as it only seeks information relating to plaintiffs' properties.

**Request No. 2**

In the second request, plaintiffs seek "[a]ny and all DOCUMENTS that in any way relate to compliance testing for the ComfortWise program to include air flow test, duct blaster test and blower door test for the Lennar communities of Granite Ridge, Carmel Canyon, and Marble Canyon."  In addition to the reasons stated with regard to the first request, the court finds that the ComfortWise test results of homes in other communities owned by the defendants are relevant to plaintiffs' allegation that prior to marketing and selling homes in plaintiffs' community, defendants had knowledge that "3677" model homes in other communities with the same HVAC systems were not receiving certification.

4

**Request Nos. 3-6**

In requests three through six, plaintiffs seek "[a]ny and all DOCUMENTS that in any way relate to any customer service complaints by any homeowner in the Lennar communit[ies] of [Granite Ridge, Carmel Canyon, Marble Canyon, and Sterling Glen] in reference to the HVAC's systems' ability to heat and cool the home."  Following the objections to these requests, plaintiffs agreed to limit the scope of the requests to include only those homes in Granite Ridge that have had a "retro-fit" repair to their systems and those homes in Carmel Canyon, Marble Canyon, and Sterling Glen that have had major "retro-fit" repair to their systems. (#72-1 Exhibit 3).

Subject to the condition that the request also be limited to the "3677" models, the court finds that documents sought in these modified requests are relevant.  Prior complaints from homeowners in any of the communities directly relate to the defendants' alleged knowledge and misrepresentations. As plaintiffs are attempting to establish *prior* knowledge, any complaint made *after* the date that plaintiffs purchased their homes is irrelevant.  The request is therefore limited to complaints from 2003, through July of 2005[1].

**Request No. 7**

In plaintiffs' seventh request, they ask defendants to produce "[a]ny and all DOCUMENTS that in any way relate to promotional materials and/or marketing materials that were discussed by Lennar in Las Vegas, Nevada during the relevant times of 2002-2008 for the sale of their homes...including, but not limited to, internet and web based materials, radio ads, marketing, brochures, newspaper ads, circulars, pamphlets, and outdoor signage."  Plaintiffs assert that the promotional materials are relevant to their misrepresentation claim because they detrimentally relied on the promises made therein that the homes were "Defect Free Homes." Plaintiffs contend that defendants continued to advertise their "commitment" that the home would be defect free, despite their knowledge of defects in other "3677" models.

The court finds that the promotional materials for Carmel Canyon are relevant.  The court is not

---

[1] Plaintiff Stacy Henry purchased his home in 2004, and Vincent Henry closed escrow on his home in July of 2005 (#1).

inclined, however, to require defendants to produce *all* promotional materials for all communities distributed during the requested time-period.  Plaintiffs could not have detrimentally relied upon promotional materials *after* they purchased their homes or promotional materials relating to other communities. Therefore, defendants are not required to produce any promotional materials after July of 2005, or relating to other Lennar communities.

### Requests No. 8 & 9

The plaintiffs' eighth and ninth requests seek "[a]ny and all DOCUMENTS that in any way relate to the testing of each home in the Carmel Canyon [and Granite Ridge] communit[ies] for ComfortWise compliance regarding proper insulation installation." Plaintiffs state that since "ComfortWise protocol may only test 15% of the homes in a given subdivision," they are willing to limit the request to "those homes that were, in fact, inspected and to the plaintiffs' homes." (#72-1 Exhibit 3). With regard to the Granite Ridge community, plaintiffs maintain their request for "all homes," and include a request for an "identification of those homes that were inspected as part of the sampling mechanism." *Id.*

As with the plaintiffs' first and second requests, the court finds that documents relating to the ComfortWise testing and proper insulation installation are relevant to defendants' alleged prior knowledge and misrepresentations.  Additionally, the court finds that the limitation presented by the plaintiffs for Carmel Canyon is appropriate not only as to that community, but for Granite Ridge as well. Plaintiffs' eighth and ninth requests will be limited to those "3677" model homes that were, in fact, inspected prior to July of 2005, and to plaintiffs' homes.

### Request No. 10

In the plaintiffs' tenth request, they seek "[a]ny and all DOCUMENTS that in any way relate to any investigation conducted by CTG Forensics in the Sterling Glen community that is identified in the Lennar correspondence dated August 30, 2006."  Plaintiffs assert that this information is relevant to prove defendants' knowledge of "HVAC defects in the same model homes in...[d]efendants' [other] communities."  In light of the letter dated August 30, 2006 (#72-1 Exhibit 1), defendants are unable to

dispute the fact that an investigation was conducted regarding the HVAC systems.  However, since this request is once again going to the issue of prior knowledge, any inspection conducted *after* the date plaintiffs purchased their homes is irrelevant.  The scope of this request is limited to any inspection that occurred from 2003, through July of 2005.

**Requests No. 11 & 12**

The eleventh and twelfth requests ask for "[a]ny and all DOCUMENTS that in any way relate to any claims for indemnification by Lennar against any subcontractor, [including Consol, Inc.], in reference to the repair costs for HVAC systems in any Lennar community during the relevant period of 2004-2009."  As with many of the other requests, plaintiffs contend that these requests are relevant to the issue of defendants' prior knowledge of the defects. The court agrees that this is relevant, but limits the scope to any indemnification relating to "3677" models that occurred from 2004, through July of 2005.

**Requests No. 13 &14**

Plaintiffs seek "[a]ny and all RECORDS that in any way relate to trade partner work order(s) issued by Lennar to Red Rock Mechanical to inspect a Lennar home for HVAC issues during the relevant period of 2003-2008," and "DOCUMENTS that in any way relate to any contract with Red Rock Mechanical to perform 'retro-fit' repairs to any Lennar home's HVAC system in Las Vegas, Nevada during the relevant period of 2003-2009."  These requests, plaintiffs assert, relate to the defendants' prior knowledge of the defects, and their misrepresentations that the homes were defect free. As with other requests, the court finds that work orders and/or contracts to repair the HVAC systems in any Lennar community that are dated from 2003, to July of 2005 are relevant for discovery purposes.

**Request No. 15**

In their final request, plaintiffs ask defendants to produce "[a]ny and all RECORDS that in any way relate to compensation and bonus plan(s) for a company customer service representative during the relevant periods of 2003-2009." Defendants object to this request, and argue that it is "grossly overbroad, seeks information that is irrelevant, seeks information that is protected by the statutory and

common law privacy rights, and is not reasonably calculated to lead to the discovery of admissible evidence." (#72-1 Exhibit 2).  Plaintiffs assert that they are not requesting "any specific payment to any specific individual," but instead seek only the general compensation and bonus plan during that time period. (#72-1 Exhibit 3).  Further, they contend that this request is relevant as to "whether [d]efendants' business model was structured in such a way as to encourage and provide incentives to close escrow on homes as soon as possible – thus delivering homes to purchasers before completion.."

The court will sustain defendants' objection to the request.  Plaintiffs' complaint (#1) alleges that defendants knew of the defective HVAC systems in model "3677" homes, yet had a practice of continuing to market and sell them as "defect free homes."  The court finds that the issue is not whether the alleged "rushed nature" of the closing caused the defects, but whether defendants had knowledge that the HVAC systems were unfit for heating and cooling "3677" model homes.   Therefore, compensation and bonus plans that allegedly acted as incentives to close homes more quickly are not related to the plaintiffs' claims, and are not discoverable.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiffs Stacy Henry and Vincent Henry's motion to compel (#72) is GRANTED in part and DENIED in part as set forth above.

IT IS FURTHER ORDERED that defendants shall produce the requested documents, subject to the limitations outlined above, not later than **September 12, 2011**.

DATED this 29th day of August, 2011.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**