UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

STACY HENRY, *et al.*,

           Plaintiff,

v.

LENNAR CORPORATION, *et al.*,

           Defendants.

2:09-cv-02105-PMP -VCF

**O R D E R**

Before the court is third party defendant Framecon Inc's *Ex-Parte* Motion To Continue Discovery Deadlines On Order Shortening Time. (#125). Defendants Greystone Homes of Nevada, Greystone Nevada, LLC, and Lennar Corporation (hereinafter "Lennar defendants") filed an Opposition (#128), and Framecon filed a Reply (#132). The court held a hearing on January 18, 2012.

**Background**

The action before the court involves construction defect allegations relating to two homes located in Las Vegas, NV, that were developed and sold by the Lennar defendants. (#1). On November 2, 2009, plaintiffs filed their complaint against the Lennar defendants, alleging (1) breach of warranty of habitability, (2) negligence, (3) negligent misrepresentation, (4) breach of contract, (5) violation of NRS 598, (6) breach of implied warranty of fitness, merchantability, and quality, (7) breach of implied warranty of good faith and fair dealing, and (8) intentional infliction of emotional distress. *Id.* Lennar defendants filed their answer on October 26, 2010. (#21).

On October 28, 2010, Lennar defendants filed a third party complaint (#22) against several sub-contractors, alleging that the sub-contractors were liable for the construction defects. Third party defendant Framecon was served with the complaint on November 8, 2010. (#57). Framecon did not appear in this action, and did not file an answer to the complaint or a motion to dismiss. On March 2, 2011, the parties that had appeared in the action filed a stipulated discovery plan and scheduling order,

providing for a discovery deadline of December 15, 2011, a dispositive motion deadline of January 17, 2012, and the joint pre-trial order to be due on February 16, 2012. (#77). The court signed the stipulated discovery plan on March 10, 2011. (#78).

On April 6, 2011, Framecon filed bankruptcy, but did not file a notice of bankruptcy with this court. (#125). After learning of the bankruptcy, defendant Greystone Homes of Nevada (hereinafter "Greystone") filed a motion in bankruptcy court for relief from the automatic stay. *Id.* On July 20, 2011, the bankruptcy court held that Greystone was permitted to proceed with prosecution of its claims against debtor Framecon in the action before this court (Case No. 09-cv-02105-PMP-VCF), subject to certain limitations. (#125-1). Lennar defendants assert that on July 28, 2011, their counsel sent a letter to Framecon's bankruptcy counsel advising counsel that Framecon had never appeared in the instant action, and asking if counsel was going to represent Framecon in the instant action. (#128-1 Declaration of counsel Matthew L. Durham). Framecon's bankruptcy counsel never responded. *Id.*

On August 3, 2011, Greystone filed a notice with this court of the entry of the bankruptcy court's order terminating the automatic bankruptcy stay as to Framecon. (#98). On August 8, 2011, Lennar defendants sent a letter to Framecon's insurance carrier requesting Framecon to "immediately retain counsel to represent" Framecon. *Id.* On August 23, 2011, the parties, excluding Framecon, stipulated to extending the expert disclosure deadline to September 30, 2011, and the rebuttal expert deadline to November 1, 2011. (#99 and #100). The stipulation maintained a discovery cut-off date of December 15, 2011. *Id.* On October 31, 2011, third party defendant Framecon made its first appearance in this action, and filed its answer to the third party complaint. (#118).

**Motion To Continue Discovery Deadlines**

    **A.    Arguments**

In Framecon's motion, it asks this court to extend the discovery deadlines by at least ninety days, for Framecon solely, "in order to allow Framecon's counsel to get up to speed with the litigation and adequately prepare." (#125). Framecon asserts that since it was not involved in the discovery process

2

and was not "represented until almost all of the discovery deadlines had already passed," the extension is necessary. *Id.* Framecon submits to the court that the present motion is not the result of neglect, and that after Framecon's insurance carrier confirmed coverage and retained counsel on October 27, 2011, counsel was diligent in filing an answer on October 31, 2011. (#125 Affidavit of counsel David M. Gardner[1]). Framecon asserts that since it has been diligently trying to get up to speed with the other parties' 6-month discovery progress, it would have been "very difficult to file this motion before the 21 day deadline prescribed by LR 26-4." (#125). Framecon states that it needs to retain experts, inspect homes, review prior disclosures, produce expert reports, depose witnesses, and propound written discovery. *Id.* Counsel that appeared at the hearing on behalf of Framecon could not demonstrate to the court what discovery efforts Framecon had made, and only indicated that she thought Framecon was in the process of retaining an expert, but had not retained one yet.

Lennar defendants oppose the motion for extension, and argue that Framecon's "complete lack of diligence" supports denying the motion: Framecon waited five months *after* receiving the complaint to file bankruptcy, and did not appear in the action *at all* during that time, and Framecon then waited until three months *after* the bankruptcy stay was lifted and two months *after* their insurance carrier was contacted, to finally appear in the instant action. (#128). Lennar defendants argue that since Framecon's appearance in October 2011, Framecon has not propounded any written discovery or noticed any depositions. *Id.* Lennar defendants also assert that the motion should be denied because it was filed only one day before the discovery cut-off date. *Id.*

Framecon's reply attempts to rebut Lennar defendants' arguments regarding Framecon's diligence and neglect. (#132). Framecon asserts that it was unable to respond to the complaint, because

---

[1] Attorney David M. Gardner prepared and signed the affidavit in support of the motion, and attorney Leonard T. Fink prepared and signed the motion. However, neither attorney appeared at the scheduled hearing, and instead, attorney Nakesha Duncan appeared on behalf of Framecon. As Mrs. Duncan is not involved in the action and was merely handed the file, she was unable to answer certain questions the court had during the hearing relating to the discovery progress and desired discovery extension. Counsel is advised that it is in the best interest of all the parties if counsel who appears is familiar with the issues of the action, especially when counsel is seeking relief of the court.

1  it "was in the process of filing bankruptcy" and was "struggling to hang on." *Id.* Framecon also argues
2  that it was in the "best interest of all parties to not answer," in order to "avoid costly attorney fees and
3  costs only to file bankruptcy shortly thereafter..." *Id.* Once Framecon's insurance carrier was informed
4  of the litigation, Framecon argues, the carrier "dutiful[ly] began to determine whether the litigation was
5  covered under its insurance agreement." *Id.* After counsel was retained and Framecon appeared,
6  counsel asserts that he began reviewing discovery, case files, and motion practice, and promptly filed
7  the instant motion after realizing the need for an extension. *Id.* Framecon asserts that it contacted the
8  other parties, and that the only party to object to the extension was the Lennar defendants. *Id.* The court
9  notes, however, that the Lennar defendants and third party defendant Champion Drywall Inc. are the
10 only other parties remaining, and that Champion Drywall indicated during the hearing that it has
11 completed all discovery and is ready to go to trial.

**B.     Relevant Law**

Federal Rule of Civil Procedure 16(b)(4) provides that a "schedule may be modified only for good cause and with the judge's consent." Pursuant to Local Rule 26-4 governing extensions of scheduled deadlines, "[a]pplications to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR 6-1, be supported by a showing of *good cause* for the extension. All motions or stipulations to extend a deadline set forth in a discovery plan shall be received by the Court no later than twenty-one (21) days before the expiration of the subject deadline. A request made after the expiration of the subject deadline shall not be granted unless the movant demonstrates that the failure to act was the result of *excusable neglect.*" (emphasis added).

Although the court looks at the possible prejudice that might be caused by the modification to the scheduling order, the focus of the inquiry is upon the moving party's reasons for seeking modification. *Johnson v. Mammoth Recreation, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992). "If the party was not diligent, the inquiry should end." *Id.*

. . .

### C. Discussion

After considering the relevant facts surrounding the instant motion and the parties' representations at the hearing, the court finds that Framecon has not acted diligently since the commencement of this action and has failed to demonstrate "good cause" for the extension sought. *Id;* see also Fed. R. Civ. P. 16(b)(4). Framecon was served with the complaint (#57) nearly five months before it filed bankruptcy, yet admittedly failed to respond to the complaint in any manner. Framecon did not inform this court when it filed bankruptcy, and the court was first notified of the bankruptcy through Greystone's notice terminating the bankruptcy stay (#98). Even after Framecon's bankruptcy attorney and insurance carrier were put on notice in July and August of 2011, of the instant action, Framecon did not appear in the action until October 31, 2011. (#128-1 and #118). From the date Framecon's answer was filed, Framecon did not make an effort to engage in any discovery, and, although Framecon asserts the need to retain experts and conduct depositions, Framecon is still "in the process of" retaining an expert and is unable to demonstrate to the court what specific discovery is needed. Framecon has not been diligent, and provides the court with no explanation warranting extending discovery.

Accordingly, and for good cause shown,

IT IS ORDERED that defendant Framecon Inc's *Ex-Parte* Motion To Continue Discovery Deadlines On Order Shortening Time (#125) is DENIED.

DATED this 20th day of January, 2012.

_____
**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**